The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, AR 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion on the following questions:
 1. Does the Interlocal Cooperation Act or any other law allow a county to use county funds as matching funds for the construction of a lake that would be owned by the Game and Fish Commission?
 2. Can a county adopt a 1% countywide sales and use tax for the purpose of providing the matching funds?
 3. If a county already has a 1% countywide sales tax for general purposes, can an additional 1% countywide sale tax be levied to provide the matching funds? Can the tax be levied under Arkansas Code 14-164-327, which is a part of the Local Governmental Bond Act of 1985?
The answer to your first question will, in my opinion, turn upon the particular facts and circumstances surrounding the project. County quorum courts have been held to have jurisdiction only over "local matter(s)." Venhaus v. State,285 Ark. 23, 25, 684 S.W.2d 252 (1985). Amendment 55 to the Arkansas Constitution provides that the quorum court may exercise "local legislative authority not denied by the Constitution or by law." Ark. Const. Am. 55, 1(a).
In my opinion, the construction of a lake to be owned by the Game and Fish Commission is generally not a local matter. The Commission's ability to acquire a lake must be premised upon its powers and duties under Amendment 35 to the Arkansas Constitution. Amendment 35 vests the Commission with the "control, management, restoration, conservation and regulation of birds, fish, game and wildlife resources of the state." Ark. Const. Am. 35, 1.
It should be noted, however, that the county does have the authority, pursuant to A.C.A. 14-14-802, to provide for certain services and functions, including "park and recreation services." A.C.A. 14-14-802 (b)(2)(C)(vi). Whether or not this provision offers authority for the county's appropriation of funds for construction of the lake in question will depend upon the particular facts. Joint cooperative action under the Interlocal Cooperation Act (A.C.A. 25-20-101 et seq.) would have to be viewed in light of all pertinent facts in order to assess the applicability of that act.
The provisions of A.C.A. 26-74-201 et seq. and 26-74-301
et seq., which address the purpose of these Code sections, must be considered in response to your second question. Sections 26-74-201(a) and 26-74-301(a) both indicate that the county sales and use tax provisions are "intended to supplement all constitutional provisions and other acts adopted for the acquiring, constructing, and equipping of capital improvements of a public nature. . . ." The terms "acquire" and "construct" are defined in pertinent part as follows:
 `Acquire' means to obtain at any time hereafter by gift, purchase, or other arrangement, any capital improvement of a public nature or any portion thereof . . . for such consideration and pursuant to such terms and conditions as the quorum court of the county shall determine.
A.C.A. 26-74-203(4); see also A.C.A. 26-74-303(4).
 `Construct' means to build, in whole or in part, in such manner and by such method, including contracting therefor, and if the latter, by negotiation and bidding upon such terms and pursuant to such advertising as determined by the quorum court of the county . . .
A.C.A. 26-74-203(5) and 26-74-303(5).
Although the definition of "capital improvements of a public nature" under A.C.A. 26-74-203(2) and 26-74-303(2) does include "lakes", the language of Sections 26-74-201 and26-74-301, above, when viewed together with the definitional provisions of Sections 26-74-203 and 26-74-303, appears to envision the financing of capital improvements to be obtained by the county. There is, of course, always the possibility that a court could reach a different decision upon review of the facts. It is my opinion, however, in the absence of interpretive authority, that the adoption of a 1% sales and use tax for matching funds for such a lake could be subject to challenge.
A similar analysis would, in my opinion, apply with regard to the first part of your third question. Arkansas Code of 1987 Annotated 14-164-338 (Supp. 1989) authorizes the levy of a sales or use tax for a twenty-four month period, without a bond issue. Again, however, the fact that the lake would not be obtained by the county could, in my opinion, offer a basis for challenge. See A.C.A.14-164-303 (Supp. 1989).
You have asked, finally, whether a tax could be levied under A.C.A. 14-164-327. This tax is levied to retire bonds issued under the Local Government Bond Act of 1985. Thus, it does not offer authority for a separate sales and use tax levy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb
[1] It must be noted in this regard that "grant-in-aid agreements enacted through an appropriation ordinance" are not considered interlocal agreements under provisions authorizing service contracts between county courts and other public agencies. A.C.A. 14-14-910(b).